## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdirizak S., | Case No. 18-cv-3222 (DWF/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Secretary of Homeland Security; Matthew Whitaker, Attorney General; Peter Berg, ICE Field Office Director; and Kurt Freitag, Freeborn County Sheriff, | |
| Respondents. | |

Abdirizak S., Freeborn County Adult Detention Center, P.O. Drawer 170, Albert Lee, MN 56007, pro se

Ana H. Voss, Ann M. Bildtsen, and Pamela Marentette, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents Secretary of Homeland Security, Matthew Whitaker, and Peter Berg

David John Walker, Freeborn County Attorney's Office, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Kurt Freitag

HILDY BOWBEER, United States Magistrate Judge

On November 19, 2018, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his custody by U.S. Immigration and Customs Enforcement ("ICE"). (*See* Pet. [Doc. No. 1].) For the reasons set forth below, the Court recommends that the Petition be dismissed for lack of jurisdiction in part, denied as moot in part, and denied without prejudice in part.

1

I.    **BACKGROUND**

    **A.    Petitioner's Personal Background**

Petitioner is a thirty-six year-old native and citizen of Somalia, who was admitted to the United States as a refugee in 2001.  (Pet. Ex. 1 at 2 [Doc. No. 2]; Voss Decl. Ex. A at 6, 19 [Doc. No. 8-1].)[1]  Petitioner has resided in Minneapolis, Minnesota, since his arrival in the United States, and on March 15, 2005, he became a lawful permanent resident.  (Pet. Ex. 1 at 3; Voss Decl. Ex. A at 21.)  In 2012, Petitioner applied for naturalization through the United States Citizenship and Immigration Services, but was denied.  (Resp. at 2 [Doc. 7].)

    **B.    Removal Proceedings and Supervised Releases**

After Petitioner's Application for Naturalization was denied, he  was taken into ICE custody on September 17, 2012, and  ordered removed by an immigration judge on May 2, 2013.  (Resp. at 2; Voss Decl. Ex. A at 21.)  Petitioner appealed this decision to the Board of Immigration Appeals, which remanded the case to the immigration judge for further proceedings.  (Resp. at 2; Voss Decl. Ex. A at 21.)  The immigration judge ordered Petitioner removed from the United States, but granted Petitioner's application for withholding of removal to Somalia.  (Resp. at 2; Voss Decl. Ex. A at 21.)

On March 7, 2014, Petitioner was released from ICE custody on an order of supervision.  (Voss Decl. Ex. A at 4.)[2]  During this period of release, Petitioner was

---

[1]  Citations to the exhibits attached to Voss Declaration follow the CM/ECF pagination.
[2]  Respondent cites to a "Marentette Decl." in its Response.  No such declaration was filed, however, and the Court presumes the citations were intended to be to the Voss Declaration.

2

charged and convicted of Simple Robbery in Hennepin County District Court, and was later taken back into ICE custody on February 24, 2017.  (Resp. at 3; Voss Decl. Ex. A at 7–8.)  Petitioner appealed his Simple Robbery conviction on April 26, 2017, to the Minnesota Court of Appeals.  (Voss Decl. Ex. A at 76.)  On August 31, 2017, Petitioner was again released from ICE custody, though that release was revoked on December 14, 2017, after Petitioner failed to report to an ICE field office and was arrested for disorderly conduct and providing false information to police.  (Voss Decl. Ex. A at 13.)  After a brief detention, Petitioner was released from ICE custody with GPS monitoring on January 10, 2018.  (Voss Decl. Ex. A at 14–15.)  The Minnesota Court of Appeals affirmed Petitioner's Simple Robbery Conviction on March 5, 2018, and Petitioner's release was revoked a final time on March 8, 2018.  (Voss Decl. Ex. A at 16–23.)  Petitioner has remained in ICE custody since March 8, 2018.

### C.    Final Order for Removal and Habeas Petition

On March 9, 2018, the Department of Homeland Security filed a motion to reopen proceedings and deny withholding of removal in Petitioner's immigration proceedings.  (Voss Decl. Ex. A at 24.)  The motion was granted on March 26, 2018, and on June 27, 2018, an immigration judge ordered Petitioner removed to Somalia, denying all relief requested.  (Voss Decl. Ex. A at 85–87, 88–89.)  Petitioner appealed this decision to the Board of Immigration Appeals on July 9, 2018.  (Voss Decl. Ex. A at 94–99.)

On November 19, 2018, Petitioner filed the instant Petition.  Petitioner is challenging his detention in the custody of ICE, asserting that his "prolonged and continued detention is unreasonable, and violates [Petitioner's] substantive and due

process rights under the Due Process Clause of the Firth Amendment of the U.S.

Constitution." (Pet. ¶¶ 6, 13.)  Petitioner further asserts:

> The Government has been unable to effectuate my removal and there is no
> likelihood of my removal in the reasonably foreseeable future.  I was
> granted withholding of removal after my first appeal to the [Board of
> Immigration Appeals], however, [the Department of Homeland Security]
> filed a motion to reopen my removal proceedings owing to a criminal case
> that was still pending on appeal . . . .  The charge in question is not an
> aggravated felony, or a particularly serious crime.

(*Id.* ¶ 13.)  Petitioner requests relief in the form of his immediate release from

custody.  (*Id.* ¶ 15.)

On December 10, 2018, the Board of Immigration Appeals issued its

decision on Petitioner's appeal of the June 27, 2018, order of removal and

termination of withholding of removal.  (*See* Voss Decl. Ex. B [Doc. 8-2].)  The

Board agreed that termination of withholding of removal was proper and

dismissed Petitioner's appeal; thus, Petitioner is now subject to a final order of

removal.  (Resp. at 4; Voss Decl. Ex. B at 3, 6, 21.)

## II.    ANALYSIS

A writ of habeas corpus enables a person detained by the government to challenge

the legality of his confinement and, if successful, obtain his release.  *Preiser v.*

*Rodriguez*, 411 U.S. 475, 485 (1973).  The right to petition for habeas relief is a

foundational legal principle in the American system, *see* U.S. Const. art. 1, § 9, cl. 2, and

has been recognized as "an integral part of our common-law heritage," *Preiser*, 411 U.S.

at 485.  Relevant here, 28 U.S.C. § 2241 confers jurisdiction on federal courts to hear

habeas challenges to the lawfulness of immigration-related detentions.  *Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).  A district court may not review a discretionary

decision made by immigration authorities, such as the decision to order that a noncitizen

be removed to another country.  *See* 8 U.S.C. § 1252(a)(5), (g).  A district court may,

however, review immigration-related detentions to determine if they comport with the

demands of the Constitution.  *Zadvydas*, 533 U.S. at 688.  Accordingly, the Court may

not second-guess decisions made within the discretion of an immigration authority but

may assess the constitutional permissibility of the detention itself.  *See Davies v. Tritten*,

No. 17-cv-3710 (SRN/SER), 2017 WL 4277145, at *2 (D. Minn. Sept. 25, 2017).

### A.    This Court Lacks Jurisdiction to Review the Merits of the Revocation of Withholding of Petitioner's Removal

To the extent Petitioner challenges the merits of the revocation of withholding of

removal, this Court lacks jurisdiction to review the matter.  Congress made clear that

federal district courts lack jurisdiction to review discretionary immigration decisions

through the passage of the Illegal Immigration Reform and Immigrant Responsibility Act

of 1996.  Pub. L. No. 104–208, 110 Stat. 3009–546 (codified as amended at 8 U.S.C.

§ 1101 *et. seq.*).

Under 8 U.S.C. § 1252(g), "[N]o court shall have jurisdiction to hear any cause or

claim by or on behalf of any alien arising from the decision or action by the Attorney

General to commence proceedings, adjudicate cases, or *execute removal orders* against

any alien under this chapter."  (Emphasis added.)  The plain language of this statute bars

this Court from reviewing the revocation of the withholding of Petitioner's removal.  *See*

*Silva v. United States*, 866 F.3d 938, 942 (8th Cir. 2017) (holding district court correctly

5

concluded it lacked jurisdiction to hear claims arising from decision to execute a removal order).

The Court also lacks jurisdiction under 8 U.S.C. § 1252(a)(5), which provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ." Petitioner has availed himself of such judicial review by filing a petition for review of the Board of Immigration Appeals in the Eighth Circuit Court of Appeals. Pet., *Abdirizak S. v. Whitaker*, Case No. 19-1089 (8th Cir. filed Jan. 11, 2019). According to that case docket, briefing on the petition is underway.

Therefore, to the extent Petitioner challenges the merits of the revocation of withholding of removal, this Court should dismiss the petition for lack of jurisdiction. The Court does not recommend that this case be transferred to the Eighth Circuit, because Petitioner has already filed a petition for review of the Board of Immigration Appeals' decision in that court.

### B.    Petitioner's Challenge to His Pre-Removal Detention Pursuant to § 1226(c) Is Moot

When Petitioner filed his petition on November 19, 2018, he was in "pre-removal detention" and thus detained pursuant to 8 U.S.C. § 1226(c). This statute "mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony." *Demore v. Kim*, 538 U.S. 510, 517–18 (2003). When the Board of Immigration Appeals affirmed Petitioner's removal order on

December 10, 2018, the order became final, and the basis for his detention shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a). Under § 1231(a), which applies to "post-removal detention," the Attorney General is required to detain aliens subject to a final removal order for a ninety-day period. 8 U.S.C. § 1231(a)(1)(A), (2). Petitioner is currently detained pursuant to the post-removal detention statute, and the length of his post-removal detention has not exceeded ninety days.

The change in the statutory basis for Petitioner's detention moots his challenge to the length of his § 1226(c) detention. *See, e.g.*, *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004, when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *Chuol v. Sessions*, No. 17-cv-4700 (JNE/TNL), 2018 WL 1598624, at *3 (D. Minn. Feb. 27, 2018) ("When Petitioner's order of removal became final on March 10, 2017, ICE's authority to detain Petitioner shifted from § 1226 to § 1231, thereby rendering moot Petitioner's claim challenging his detention under § 1226."), *R. & R. adopted*, 2018 WL 1587611 (D. Minn. Apr. 2, 2018). Accordingly, Petitioner's challenge to his detention under § 1226(c) is moot, and the only remaining question is whether the length of Petitioner's detention pursuant to § 1231(a) is unconstitutional. *See Oyelude*, 170 F. App'x at 367–68.

## C.    Petitioner's Detention under § 1231 Is Lawful

When the Board of Immigration Appeals dismissed Petitioner's appeal on December 10, 2018, Petitioner's removal order became final. *See* 8 C.F.R. § 1241.1(a). The government is expressly authorized to detain Petitioner for a "removal period" of

ninety days.  *See* 8 U.S.C. § 1231(a)(1)(A), (2).  The removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  An alien must be detained during the statutory removal period. *Zadvydas*, 533 U.S. at 683.  Because Petitioner's current detention falls within the ninety-day removal period, he is not entitled to release on the basis that his detention is unconstitutionally prolonged.  Petitioner's statutory removal period will end on March 10, 2019, unless he is removed before then.

Moreover, even when the ninety-day removal period ends, the government may continue detaining Petitioner if certain criteria are established.  *See* 8 U.S.C. § 1231(a)(6). "Once a person is finally ordered removed from the United States, it is presumptively constitutional for the government to detain him for a 6-month period."  *Sokpa-Anku v. Paget*, No. 17-cv-1107 (DWF/KMM), 2018 WL 3130681, at *3 (D. Minn. June 8, 2018) (citing *Zadvydas*, 533 U.S. at 701), *R. & R. adopted*, 2018 WL 3129002 (D. Minn. June 26, 2018).  There is nothing in the record presently before the Court that would "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *See Zadvydas*, 533 U.S. at 701.

For these reasons, any challenge to the length of Petitioner's post-removal detention should be denied without prejudice.

8

III.    CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.   The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc.

No. 1] be **DISMISSED FOR LACK OF JURISDICTION in part**,

**DENED AS MOOT in part**, and **DENIED WITHOUT PREJUDICE in**

**part**, as set forth fully herein; and

2.   Petitioner's Application to Proceed in District Court Without Prepaying

Fees or Costs [Doc. No. 3] be **DENIED AS MOOT**.[3]


Dated: February 12, 2019                  s/ *Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge

---

[3]  On November 27, 2018, this Court ordered Petitioner to submit an amended application to proceed *in forma pauperis* because his original application was not signed, or to pay the $5.00 filing fee.  (Order at 2 [Doc. No. 6].)  The Court warned Petitioner that failure to comply could result in a recommendation that the action be dismissed without prejudice for failure to prosecute.  Petitioner has not complied with that order.  Should the District Court not agree with any of the recommended dispositions in this Report and Recommendation, the Court recommends in the alternative that the Petition be dismissed without prejudice for failure to prosecute.

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation.  A party may respond to the objections within fourteen days after being served with a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).